**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

STATE OF TENNESSEE, )
 )
  Appellee, ) C. C. A. NO. 02C01-9710-CR-00385
 )
vs. ) SHELBY COUNTY
 )
JAMES MCCLENTON, ) No. 95-06366
 )
  Appellant. )

FILED

April 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**O R D E R**

This matter is before the Court upon the state's motion to dismiss. Based upon our review of the entire record before the Court, including the appellant's response to the state's motion, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

The appellant pled guilty to simple possession and received a sentence of eleven months and twenty-nine days and a fine of $750.00. The appellant now attempts to appeal a certified question of law that he raised in his motion to suppress and motion to dismiss prosecution.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court stated that when a defendant pleads guilty and wishes to reserve a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv), "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." Id. at 650. It is the defendant's responsibility to assure that the final order complies with these requirements and that the record on appeal contains the proceedings necessary to a complete determination. Id.

In this case, the appellant failed to explicitly reserve the right to appeal a

certified question of law that was dispositive of the case as mandated by Tenn. R. Crim. P. 37(b)(2)(iv) and Preston. The judgment sheet makes no reference to the certified question and the final order of the court merely states that the appellant "has specifically reserved for appeal the certified questions of law contained in his Motion to Suppress and Motion to Dismiss Prosecution in this cause." See State v. Pendergrass, 937 S.W.2d 834, 837-38 (Tenn. 1996) (the order "does not satisfy the unambiguous mandatory prerequisites of Preston. The order contains no clear identification of the scope and limits of the legal issue reserved.") We are, therefore, precluded from considering whether the trial court properly denied the appellant's motion to suppress and motion to dismiss prosecution.

IT IS, THEREFORE, ORDERED that the state's motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Costs are taxed to the appellant.

IT IS FURTHER ORDERED that the appellant's bond is hereby revoked. The appellant shall be taken into custody immediately by the proper authorities. Costs associated with this appeal shall be taxed to the appellant.

Enter, this the ___ day of March, 1998.

_____
JOE G. RILEY, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE